**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. CV 12-0126 MV/WDS
                                                                 CR 96-0580 MV

ROGER DALE YEADON,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter is before the Court on Defendant's Nunc Pro Tunc Motion to Correct Judgment (CV Doc. 1; CR Doc. 85). The clerk properly opened a civil file in case the Court were to construe the motion under 28 U.S.C. § 2255. The motion does not actually seek a corrected judgment. Defendant requests an order returning him to state custody and a recommendation "that the B.O.P. retroactively designates the state facility as the place to serve his federal sentence." The Court will deny the motion.

       The criminal file indicates that on August 28, 1996, this Court issued a writ of habeas corpus ad prosequendum for Defendant. The writ was issued to the warden of a county jail in Indiana. According to the transcript of Defendant's plea hearing (CR Doc. 82), he had previously escaped from custody in Alabama. While he was an escapee from Alabama, Defendant committed crimes in New Mexico, for which he was subsequently arrested in Indiana. He was then brought back to New Mexico and prosecuted in the above-captioned criminal proceeding.

       This Court entered judgment on Defendant's criminal conviction on January 27, 1999 (CR Doc. 79), and an amended judgment on February 1, 1999 (CR Doc. 80). The sentence was ordered

to run concurrently with any undischarged portions of his state court sentences.  In the judgment, the Court stated its intention that Defendant "be deemed in federal custody" and committed him to the custody of the United States Bureau of Prisons ("BOP").  Defendant asserts that, because he was brought to this Court on a writ of habeas corpus ad prosequendum from state custody, the state retained primary jurisdiction of him.  As a result, he argues, service of his federal sentence did not begin when the BOP took him in custody, and he wishes to return to the primary jurisdictional forum of Alabama.

Even if this Court were to now enter a second amended judgment or an order regarding the execution of Defendant's sentence, Defendant's post-conviction custodian--the United States Attorney General or Bureau of Prisons ("BOP")--would not be bound by the order.  The Attorney General, through the BOP, has the responsibility of administering a federal sentence, including location of service and computation of the term.  *See* 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (location); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir. 1992) (noting BOP's discretion as to pre-release home confinement); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992)).  As the exhibit attached to Defendant's motion indicates,

> When it has been determined an inmate was committed improperly to federal custody and primary jurisdiction resides with a state sovereign (i.e., the inmate was under jurisdiction of the federal sentencing court on the basis of a writ of habeas corpus ad prosequendum), institution staff, through [the regional administrator], will make every effort to return the inmate to state custody.
> . . . .
> . . . If the federal court recommends concurrent service of the state and federal sentences, the case should be referred to the [regional administrator].

(CV Doc. 1, BOP Program Statement at 13-14.)

As contemplated by the BOP's Program Statement, because this Court ordered concurrent sentences, Defendant's concerns must be addressed to prison officials. Defendant also may seek relief in a petition under 28 U.S.C. § 2241 in the district where he is incarcerated, *see United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999), if he wishes to pursue a claim "that the execution of his sentence violates federal law or the Constitution." *United States v. Miller*, 594 F.3d at 1242.

IT IS THEREFORE ORDERED that Defendant's Nunc Pro Tunc Motion to Correct Judgment (CV Doc. 1; CR Doc. 85) is DENIED without prejudice to his administrative remedies or his rights under 28 U.S.C. § 2241; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE